UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

BLUE INTERNATIONAL GROUP, LLC,

      Plaintiff,

v.

GREAT LAKES INSURANCE SE,

      Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

### I. INTRODUCTION

Defendant, Great Lakes Insurance SE ("GLISE"), removes the action pending in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 2024-020209-CA-01.[1] The Miami-Dade County Circuit Court is within the Miami Division of the Southern District of Florida. Removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), since there is complete diversity of citizenship between Plaintiff, Blue International Group, LLC, and Defendant, GLISE, and since the amount in controversy exceeds the sum of $75,000 (exclusive of interests and costs).

---

[1] A current and correct copy of the Miami-Dade County Circuit Court's progress docket is attached as **EXHIBIT A**.

## II. PROCEDURAL BACKGROUND AND COMPLIANCE

This lawsuit involves a first-party property insurance claim concerning alleged vandalism damage to Plaintiff's property, which Plaintiff filed in state court on October 21, 2024, as a breach of contract action.[2] Ex. B at 4. Plaintiff served GLISE with process on October 25, 2024. Ex. B at 46. Plaintiff's Complaint includes only a general allegation regarding the amount in controversy, stating that it is an "an action for damages in excess of FIFTY THOUSAND DOLLARS ($50,000.00), exclusive of interest, attorneys' fees and costs, and is otherwise within the jurisdictional limits of this Court."[3] Ex. B at 4, ¶ 1. Plaintiff's Complaint is void of any specific allegations regarding the amount of Plaintiff's damages. Therefore, at the time Plaintiff served its lawsuit on GLISE, the case was not removable based on the allegations in the initial pleading.

The case did not become removable until December 19, 2024, when Plaintiff's counsel communicated a written settlement demand to Defendant's counsel via email to resolve the allegations pled in the Complaint. Plaintiff's demand exceeds $75,000.00, exclusive of interest and costs. Plaintiff's demand constitutes an "other paper" under 28 U.S.C. 1446(b)(3) that made the action removable. Accordingly, and pursuant to 28 U.S.C. 1446(b)(3), GLISE's deadline for removal is January 21, 2025, and this removal is therefore timely.[4] *See* 28 U.S.C. 1446(b)(3); *see*

---

[2] Copies of all process, pleadings, orders, and other papers or exhibits of every kind available to be copied from the state court are attached as composite **EXHIBIT B** in compliance with 28 U.S.C. § 1446(a). GLISE will file any supplemental papers not available as of the date of this notice if it becomes necessary.

[3] Pursuant to § 34.01(1)(c)3 and § 26.012 (2)(a), Fla. Stat., the jurisdictional limit for Circuit Courts in Florida is $50,000.01 and above.

[4] The 30th day from the settlement demand falls on Saturday, January 18, which would push the deadline to the next non-weekend, non-holiday date, which is Tuesday, January 21st, as Monday, January 20th, is the federal holiday in honor of Martin Luther King Jr.

*also, e.g.*, *Fishman v. Western World Ins. Co.*, Case No. 20-24847-CIV-WILLIAMS-MCAILEY, 2021 WL 7540796, at *4 (S.D. Fla. 2021) ("discovery responses can be 'other paper' under 28 U.S.C. § 1446(b).") (citing to *Wilson v. Target Corp.*, No. 10-80451, 2010 WL 3632794, at *2 (S.D. Fla. Sept. 14, 2010)).

The plain language of 28 U.S.C. § 1446(b)(3) requires that if an "other paper" is to start the thirty-day time period, a defendant must receive the "other paper" after receiving the initial pleading. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992). The second paragraph of § 1446(b) applies by its terms only "if the case stated by the initial pleading is not removable . . .." 28 U.S.C. § 1446(b). Importantly, the second paragraph of § 1446(b) requires that the defendant remove the case, if at all, within 30 days after receipt of an "other paper" from which the defendant may first ascertain that the case is removable. *Chapman*, 969 F.2d at 164. Logic dictates that a defendant can "first" ascertain whether a case is removable from an "other paper" only after receipt of both the initial pleading and that "other paper;" therefore, the thirty-day time period begins to run, not from the receipt of the initial pleading, but rather from the receipt of the "other paper" revealing that the case is removable. *Id*. Accordingly, removal on or before January 21, 2025, is timely pursuant to 28 U.S.C. § 1446(b)(3).

Contemporaneously with the filing of this notice of removal, GLISE has served a notice of filing notice of removal upon Plaintiff as required by 28 U.S.C. § 1446(d), a copy of which (without exhibits) is attached as **EXHIBIT C**. The original notice, with exhibits, is being filed with the clerk of the state court in accordance with 28 U.S.C. § 1446(d).

GLISE is the only defendant named in this action, and it may remove the action without seeking the consent of any other party. *See White v. Bombardier Corp.*, 313 F.Supp.2d 1295, 1299-1300 (N.D. Fla. 2004); 28 U.S.C. § 1446(b).

As 28 U.S.C. § 1446(a) also requires, the grounds for removal are set forth below.

### III. SUMMARY OF THE GROUNDS FOR REMOVAL

As further demonstrated herein, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), given that there is a complete diversity of citizenship between the Parties and the matter in controversy exceeds $75,000.

28 U.S.C. § 1332(a)(2) provides in pertinent part:

> (a)  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> …
>  (2)   citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;

28 U.S.C. § 1332(a)(2).

**A.  The Amount in Controversy Exceeds $75,000, which is Demonstrated by Plaintiff's Settlement Demand and Notice of Intent to Initiate Litigation and Supporting Estimates Attached Thereto.**

In setting forth the amount in controversy, "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a)).  But if there is a dispute regarding the amount in controversy, the burden rests on the defendant to prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Id*. at 88.  (quoting 28 U.S.C. § 1446(c)(2)(B)).

However, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010).  "Where, as in this case, the complaint alleges an unspecified

4

amount of damages, 'the district court is not bound by the plaintiff's representations regarding its claim,' and may review the record for evidence relevant to the amount in controversy." *DO Rests., Inc. v. Aspen Specialty Ins. Co.*, 984 F.Supp. 2d 1342, 1344 (S.D. Fla. 2013) (citing *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010)). The Court may also use its judicial experience and make reasonable inferences and deductions to determine the amount in controversy. *See Roe*, 613 F.3d at 1061-62; *Pretka*, 608 F.3d at 754 (discussing the difference between reasonable deductions and inferences with "conjecture, speculation, or star gazing"); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F.Supp. 3d 1356, 1360 (S.D. Fla. 2015).

Here, Plaintiff's alleged damages exceed $75,000, exclusive of interest and costs. On December 19, 2024, Plaintiff's counsel served a written, post-suit settlement demand for $135,000, characterizing the demand as inclusive of attorney's fees and costs ("Plaintiff's Settlement Demand"), which is more than sufficient on its own to establish the amount in controversy.[5]

Although the Court can freely conclude that the amount in controversy requirement is satisfied based on Plaintiff's Settlement Demand, the Court may also examine Plaintiff's

---

[5] Numerous courts have concluded that Federal Rule 408 does not make settlement offers inadmissible as evidence of the amount in controversy. *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 n. 3 (9th Cir. 2002) ("We reject the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy."); *Ray v. American Airlines, Inc.*, No. 08-5025, 2008 WL 3992644, *4 (W.D. Ark. Aug. 22, 2008) ("We agree that Rule 408 does not prohibit the use of a settlement letter to establish the amount in controversy"); *Haydel v. State Farm Mut. Aut. Ins. Co.*, No. CIVA 07-939-C, 2008 WL 2781472, *8 n. 8 (M.D. La. July 11, 2008) ("Like other courts, the undersigned also rejects the argument that Fed. R. Evid. 408 prohibits the use of settlement offers in determining the amount in controversy"); *Finnegan v. Wendy's Intern., Inc.*, No. 2:08-cv-185, 2008 WL 2078068, *3 (S.D. Ohio May 13, 2008) ("Courts have held that Rule 408 does not preclude the use of settlement offers to establish that the amount-in-controversy requirement has been met"); *Turner v. Baker*, No. 05-3298-CV-S-SWH, 2005 WL 3132325, *3 (W.D. Mo. Nov. 22, 2005) ("Other courts that have considered the issue have allowed the use of information exchanged in settlement negotiations to determine if the amount in controversy requirement has been satisfied").

Property Insurance Notice of Intent to Initiate Litigation filed pre-suit on September 6, 2023, with the Florida Department of Financial Services ("NOI"). For the record and the Court's consideration, the NOI and its attachments are attached as **EXHIBIT D**. The Court can take judicial notice[6] of and otherwise rely on the NOI in assessing the amount in controversy. *See, Fakhoury v. Federal Ins. Co.*, Case No. 5:22-cv-447-JSM-PRL, 2022 WL 16831565 at *1-2 (M.D. Fla. Nov. 9, 2022)  (denying plaintiffs' motion to remand where amount in controversy was established by plaintiffs' notice of intent to initiate litigation and supporting cost estimate attached to defendant's notice of removal) (citing to *Pretka*, 608 F.3d at 767) ("When a defendant seeks to remove the case to federal court within the first thirty days of service, it is not limited in the types of evidence it can use to establish the amount in controversy. For example, a defendant can provide an affidavit, declaration, or other documentation.")) (emphasis added).

The NOI claims damages of $98,891.00 (Ex. D at 2), damages restated in, and further supported by, Plaintiff's 22-page room-by-room, itemized repair estimate prepared by Plaintiff's contractor totaling $122,846.33, which is attached to the NOI. (Ex. D at 6.)  Plaintiff's estimate was prepared by professionals licensed and trained to assess damages and render repair estimates.  Plaintiff's estimate represents an opinion of the total costs of repairs to Plaintiff's property because of damage allegedly caused by vandalism on the reported date of loss.

During GLISE's investigation of Plaintiff's insurance claim, it inspected Plaintiff's property with its retained independent adjuster and engineer, who concluded that, based on the evidence found, there was only partial coverage for the damage to the Property claimed by

---

[6] The Court may take judicial notice of these materials pursuant to Fed. R. Evid. 201. *See*, Fed R. Evid. 201(a)-(d); *Coastal Wellness Centers, Inc. v. Progressive American Insurance Company*, 309 F. Supp. 3d 1216, fn. 4 (S.D. Fla. 2018) ("The Court may take judicial notice of government publications and website materials…"); *In re John's Bean Farm of Homestead, Inc.*, 378 B.R. 385, fn. 18 (Bankr S.D. Fla. 2008) (taking judicial notice of Florida secured transactions registry at www.floridaucc.com).

6

Plaintiff. A Replacement Cost Value payment of $2,976.79 was issued to Plaintiff, which took into account the applicable all other perils policy deductible of $5,000.00. Based on these findings, no coverage is warranted for any other damages claimed by Plaintiff. Notwithstanding the lack of evidence of any other damage attributable to vandalism on the reported date of loss, using Plaintiff's damage estimate of $122,846.33, then subtracting the applicable deductible of $5,000.00 and the undisputed payment of $2,976.79 from this amount, the amount in controversy would be at least $114,869.54. Even if using Plaintiff's damages figure of $98,891.00 as stated on the face of the NOI (Ex. D at 2), and then subtracting the forgoing deductible and undisputed payment amounts, the amount in controversy would still be at least $90,914.21, which is well beyond this Court's $75,000.00 jurisdictional threshold.

Furthermore, when a statute authorizes the recovery of attorney's fees, and the Plaintiff has requested attorney's fees, a reasonable amount of those fees is included in the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 201 (1933); *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). Reasonable attorney's fees claimed in insurance cases under Florida statute are properly considered as part of the total amount in controversy for purposes of diversity jurisdiction. *DO Restaurants, Inc.*, 984 F.Supp. 2d at 1346. "The case at bar involves an insurance contract so there is no dispute that attorney's fees are included in arriving at the amount in controversy." *Lein v. Hartford Fire Ins. Co.,* No. 10-80394-CIV, 2010 WL 11602611, at *4 (S.D. Fla. May 24, 2010 (citing *State Farm Fire & Cas. Co. v. Palma,* 629 So. 2d 830, 832 (Fla. 1993) (finding that the terms of Fla. Stat. § 627.428, which mandates recovery of fees, are an implicit part of every insurance policy). Here, Plaintiff alleges entitlement to attorney's fees in paragraph 27 of its Complaint. Ex. B at 8. Recovery of attorney's fees is permitted under Florida law, and Plaintiff has requested fees in its

Complaint. *Id.* Therefore, some measure of reasonable attorney's fees is appropriately included when calculating the amount in controversy, which would only serve to further increase the amount in controversy stated above. Indeed, Plaintiff claims $7,000.00 in attorney's fees in its NOI (Ex. D at 2) which, if taken at face value, would increase the amount in controversy stated on the face of the NOI to at least $97,914.21, well above this Court's $75,000.00 jurisdictional threshold.

Accordingly, based on the foregoing documents providing specific information to support Plaintiff's claimed amount of damages, GLISE has shown by a preponderance of the evidence that the amount in controversy is sufficient to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)(2).

**B.     Complete Diversity of Citizenships Exists Between the Parties.**

   **i.     Plaintiff is a Citizen of Florida.**

According to Plaintiff's filings with the Florida Department of State, Blue International Group, LLC, is a Florida Limited Liability Company and maintains a principal address in Miami, Florida. A limited liability company is considered a citizen for diversity purposes of each state in which a member is a citizen. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F. 3d 1020, 1022 (11th Cir.2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company." *Id.* According to its filings with the Florida Department of State, Lucrecia Maria Delmonte is listed as "AMBR," or Authorized Member, according to the information published on the Florida Department of State Website, including Blue Internation Group, LLC's most recent annual report – the Amended Annual Report filed April 5, 2024 ("Amended Annual Report") - and its Articles of Amendment to Articles of Organization of Blue

International Group, LLC filed August 15, 2022 ("Amended Articles").[7] Lucrecia Maria Delmonte is the only member listed in the Amended Articles, the Florida Department of State Website, and Amended Annual Report and the only name that appears at all in any of these filings. Accordingly, upon information obtained by the Florida Secretary of State, Lucrecia Maria Delmonte is the sole member of Blue International Group, LLC.

Lucrecia Maria Delmonte is domiciled at 8065 SW 107 Ave., Unit 112, Miami, FL 33173-4847, a property she owns according to available public records from the Miami-Dade County Property Appraiser.[8] Ms. Delmonte lists this same address as her address on her Florida voter registration, which has been active since at least 1986 and is evidence of her domicile and intent to remain in Florida.[9] Therefore, Ms. Delmonte is domiciled in Florida, with an intent to remain, and thus, is a citizen of Florida.[10]

---

[7] True and correct copies of the information published on the Florida Department of State website, Amended Annual Report, and Amended Articles are attached hereto as composite **Exhibit E**.

[8] The publicly available Miami-Dade County Property Appraiser Records and Official Records confirming Ms. Delmonte's ownership are attached hereto as **EXHIBIT F**.

[9] The publicly available Florida Voter Information Lookup is attached hereto as **EXHIBIT G.**

[10] Available public records can be considered when determining a party's citizenship or domicile; these records could include property records and voter registration. *Brooks v. Sears, Roebuck and Co.*, No. 6:18-cv-5534-Orl-37DCA, 2018 WL 3445421, at *2 (M.D. Fla. Jul. 24, 2018); *Akkan v. Nationstar Mortg. LLC*, No. 1:16-cv-1999-WSD-LTW, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016); *Taylor v. American Heritage Church Finance, Inc.*, No. 6:10-cv-559-Orl-31GLK, 2010 WL 2889694, *1-2 (M.D. Fla. Jul. 19, 2010) ("Factors frequently taken into account when assessing the domicile of a party include: the party's current residence; payment of taxes; voter registration and voting practices; driver's license and automobile registration; situs of personal and real property…."); *Jakobot v. American Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, *4 (S.D. Fla. Jun. 20, 2011); *Matos-Cruz v. JetBlue Airways Corp.*, No. 6:17-cv-380-Orl-37TBS, *1 (M.D. Fla. Aug. 1, 2017.

Since Lucrecia Maria Delmonte is the sole member of Blue International Group, LLC, and since she is a citizen of Florida as explained above, Blue International Group, LLC, is therefore a citizen of Florida.

At this early stage in proceedings, and specifically when a party has made efforts to determine the citizenship of an LLC but the information is not publicly available, "a party should not be required to plead jurisdiction affirmatively based on actual knowledge." See *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082 (9th Cir. 2014) (holding that when information necessary to establish diversity of citizenship is not reasonably available, jurisdictional allegations on information and belief are permissible); see also, *Lincoln Ben Life Co. v. AEI Life LLC*, 800 F.3d 99 (3d Cir. 2015) (finding that allegations of diversity made upon the basis of information and belief after conducting a reasonable investigation were sufficient to survive a facial attack). However, to the extent the Court does not find Defendant's allegations of citizenship to be sufficient, Defendant requests permission 'to cure the omission,' as authorized by 28 U.S.C. § 1653. See, e.g., *Dye v. Sexton*, 695 Fed.Appx. 482, 485 (11th Cir. 2017) ("Because 'the district court erred by remanding th[e] case on jurisdictional grounds when faced solely with a procedural defect in the removal process,' we directed the district court to give the defendants leave to amend their notice of removal under 28 U.S.C. § 1653.") (quoting *Corporate Management Advisors, Inc. v. Artjen Compexus, Inc.*, *Corporate Management Advisors, Inc. v. Artjen Compexus, Inc.,* 561 F. 3d 1294, 1298 (11th Cir. 2009)). Moreover, once Plaintiff files its Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1, Defendant will be able to affirmatively determine the citizenship of all of Blue International Group, LLC's members, and thus affirmatively establish the citizenship of Plaintiff, Blue International Group, LLC, and affirmatively establish that the parties are diverse.

### ii. Defendant GLISE is a Citizen of Germany

Defendant, Great Lakes Insurance SE, is organized as Societas Europaea, or "SE," and is a European corporation pursuant to the corporate laws of the European Union. In determining the citizenship of an SE for federal diversity jurisdiction purposes, the district court in *SNC-Lavalin Constructors Inc. v. Tokio Marine Kiln Insurance Limited, Certain Underwriters at Lloyd's*, Civ. Nos. GJH-19-873 and GJH-19-1510, 2021 WL 2550505 (D. Md. June 21, 2021) found that an SE had all of the features of a U.S. corporation. *Id*. at *9. Accordingly, the court concluded that an SE should be treated like a U.S. corporation for the purposes of diversity jurisdiction. *Id*. Therefore, when determining GLISE's citizenship, it is a citizen of both its state of incorporation and principal place of business for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

GLISE's registered office is in Munich, Germany, entered into the commercial register of the local court in Munich under HRB 230378. Furthermore, GLISE's principal place of business is at Königinstrasse 107, 80802 Munich, Germany. Accordingly, GLISE's state of incorporation and principal place of business are both Munich, Germany, and Defendant GLISE is thus a citizen of Germany.

Therefore, because Plaintiff is a citizen of Florida and Defendant is a citizen of Germany, there is complete diversity between the parties.

### B. This Action is Filed in Miami-Dade County, Located Within the Miami Division of This Court

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Here, Plaintiff has filed this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, thereby submitting to the jurisdiction of Miami-Dade County as the proper venue. Miami-Dade County is located in the Miami Division of this Court. Accordingly, removal to the Miami Division of this Court is proper pursuant to 28 U.S.C. § 1441(a).

## IV. CONCLUSION

Removal is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. §§ 1446(a), (b), and (c), and in accordance with 28 U.S.C. § 1332(a), since there is complete diversity of citizenship between Plaintiff and Defendant, and since the amount in controversy exceeds the sum of $75,000 (exclusive of interests and costs) as outlined above. GLISE has met all procedural requisites for removal, and this notice is timely filed. Accordingly, GLISE respectfully requests the Court take jurisdiction and conduct all further proceedings in this case.

Submitted this January 21, 2025.

By: */s/ David B. Levin*
David B. Levin
Florida Bar No.: 026394
dlevin@bakerdonelson.com
Helbert A. Canales-Rojas
Florida Bar No.: 1019986
hcanalesrojas@bakerdonelson.com

Baker, Donelson, Bearman,
Caldwell & Berkowitz, PC
200 E. Broward Blvd., Ste. 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 768-1600
Attorneys for GLISE

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, I served a copy of the foregoing Notice of Removal electronically via CM/ECF or via U.S. mail to all parties/attorneys on the list to receive service/notice in this case, including but not limited to the following:

Kyle M. Butz, Esq.
Dennis Kessler, PLLC
333 SE 2nd Ave., Ste. 2000
Miami, FL 33131
kbutz@dklawfl.com
mruiz@dklawfl.com
eservice@dklawfl.com
Counsel for Plaintiff

/s/ David B. Levin